Hector **SEPULVEDA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–86–570–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 26, 1989.

Frumencio Reyes, Jr., Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, John H. Kyles, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This case is before us on remand from the Court of Criminal Appeals so that we may reconsider appellant's second, third and fourth points of error in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App. 1988) (opinion on Court's own motion for rehearing).

On direct appeal, Appellant presented four points of error. This court overruled each of these points of error and affirmed the judgment of the trial court. *Sepulveda v. State*, C14–86–570–CR (Tex.App.—Houston [14th Dist.] October 8, 1987) [1987 WL 18077] (not reported). The second, third and fourth points of error concerned the trial court's instruction to the jury on the law of parole pursuant to TEX.CODE CRIM. PROC.ANN. art. 37.07, § 4.

The Texas Court of Criminal Appeals has held this instruction to be an unconstitutional violation of the separation of powers and the due process provisions of the Texas Constitution. *Rose v. State*, 752 S.W.2d at 552. Therefore, the trial court's instruction was error. In determining whether reversible error has occurred in giving the parole law instruction, a harmless error analysis must be conducted pursuant to TEX.R.APP.P. 81(b)(2). *Rose v. State*, 752 S.W.2d at 554. We must reverse the judgment unless we conclude beyond a reasonable doubt that the parole instruction did not contribute to the punishment assessed by the jury. TEX.R.APP.P. 81(b).

In determining whether the error was harmless, we must consider whether the jury received a curative instruction with the charge, the particular facts of the offense in relation to the sentence imposed and the Appellant's criminal record. *Rose v. State*, 752 S.W.2d at 554.

The jury was presented with evidence that Appellant struck the complainant on the head with a skillet and then inflicted multiple stab wounds to the complainant's face, neck and chest. The complainant also suffered defensive wounds on his arms and hands as he attempted to deflect the blows. The cause of the complainant's death was hemorrhage caused by stab wounds to the chest which damaged his lungs and aorta. Although the autopsy of the deceased did not specifically reveal the type of weapon used in the murder, a witness testified that Appellant said he hit the deceased on the head with a skillet and had picked up some liquor bottles "to cut him." Several bloody objects were found at the scene which could have been employed as the murder weapon, including a broken ceramic lamp, a skillet with a broken handle, broken glass bottles and a pen and pencil.

The jury found Appellant guilty of murder. At the punishment stage evidence was presented which indicated that Appel-

lant had no prior felony convictions and defense counsel argued to the jury that probation would be an appropriate punishment. The prosecutor argued that the viciousness of the murder, occurring in the course of the robbery of the complainant, demanded a minimum of fifty years and asserted that an appropriate sentence would be imprisonment for life. The jury assessed Appellant's punishment at thirty years confinement in the Texas Department of Corrections.

The trial court specifically instructed the jury not to consider the manner in which the parole law may be applied to Appellant. The trial court also instructed the jury that the parole law was the exclusive jurisdiction of prison and parole authorities, and must not be considered by the jury in determining Appellant's punishment. In the absence of evidence to the contrary, we may presume the jury followed the trial court's instruction that they must not consider the manner in which the parole law might be applied to this particular defendant. *Rose v. State*, 752 S.W.2d at 554.

The presumption that the jury followed the curative instruction together with the facts of the instant offense and the sentence actually imposed by the jury indicate that the statutory parole law instruction did not affect Appellant's sentence. Therefore, we find beyond a reasonable doubt that the error in instructing the jury pursuant to Tex.Code Crim.Proc.Ann. art. 37.07, § 4 made no contribution to the punishment assessed. Tex.R.App.P. 81(b)(2). Points of error two, three and four are overruled.

Accordingly, the judgment of the trial court is affirmed.